# MABEL ELIASON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

## June 30, 1916.

## Nos. 19,800—(178).

**Carrier — denial of new trial — verdict supported by evidence.**

> Evidence *held* not so palpably against the verdict of the jury as to justify a reversal by this court of an order denying a new trial.

Action in the district court for Hennepin county to recover $50,000 for personal injury received while a passenger upon defendant's street car. The case was tried before Jelley, J., and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*John B. Nash* and *William M. Nash,* for appellant.

*John F. Dahl,* for respondent.

BROWN, C. J.

Plaintiff, a married woman 25 years of age, with her daughter and sister, boarded one of defendant's street cars at the corner of Sixth street and Hennepin avenue, Minneapolis, intending to go to her home on the east side. The daughter and sister preceded her into the car and obtained seats. Before plaintiff had reached a seat the car was struck violently by another car, and she claims to have been thereby thrown to the floor and seriously injured. She thereafter brought this action for damages, setting forth in the complaint the injuries alleged to have been suffered and the negligence of defendant. The allegations of the complaint were put in issue by the answer. The jury returned a verdict for defendant. Plaintiff moved for a new trial, on the ground that the verdict was not sustained by the evidence and was contrary to law. The motion was denied and plaintiff appealed.

The sole question presented is whether the verdict is clearly and

[1]Reported in 158 N. W. 622.

palpably against the evidence, for by that test we are controlled in deciding the case. We find no sufficient reason for so declaring.

The evidence presented a situation peculiarly for the consideration of a jury. Plaintiff testified that she was thrown to the floor of the car by the collision, and that she was assisted to her feet and to a seat by her sister. The sister corroborated plaintiff, and testified that when the collision occurred she was seated in one of the cross seats, but upon looking back after the collision she saw plaintiff down upon the floor and went to her assistance, helping her to one of the side seats of the car. There was also testimony of plaintiff's injury. Such was the evidence offered in support of plaintiff's case. Defendant called four witnesses who were passengers upon the car and each testified that he did not see plaintiff fall, or know that any person had fallen in the car, or had been otherwise injured from the collision. This testimony requires a further statement to show its value or probative character. The seats in the car were those found in a large number of similar cars. There are cross seats from the front to about the center, and seats along the side from that point to the rear end of the car. Plaintiff testified that she was thrown down and fell in the open space in the rear half of the car. There were only a few passengers, some 10 or 12, the most of whom were up in the front end occupying the cross seats. None were standing, and the rear half of the car was entirely open to view from the positions occupied by the witnesses called by defendant, who were in that part of the car and within a few feet of the space where plaintiff claims to have been thrown down. The presence of the witnesses in this part of the car is not questioned, they were there and in position to observe all that took place, and it is inconceivable that they did not know of the accident to plaintiff. There was some commotion at the time, but not enough to wholly divert the attention of the four uninjured men from the prostrate form of a woman on the floor of the car almost at their feet. It is of course possible that this all took place as claimed and that the men in their excitement did not see it, but the question was one for the jury, and this court is without right to substitute its conclusion for that of the jury and trial court.

Order affirmed.